# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WILLIAM FINGAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:03-CV-553 |
| | ) |
| JLG-MHD INDIANA, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on: (1) Dr. Julian Ungar-Sargon's Emergency Motion for Protective Order, Payment of Expenses and Attorney Fees and Sanctions Against Defendant and Counsel, filed by Dr. Ungar-Sargon on June 22, 2006; (2) Request for Oral Argument on Dr. Julian Ungar-Sargon's Emergency Motion for Protective Order, filed by Dr. Ungar-Sargon on June 22, 2006; and (3) Defendant's Motion to Strike and Deny Dr. Ungar-Sargon's Motion for Protective Order, Payment of Expenses and Attorney Fees and Sanctions Against Defendant and Counsel. For the reasons set forth below, Dr. Julian Ungar-Sargon's Emergency Motion for Protective Order, Payment of Expenses and Attorney Fees and Sanctions Against Defendant and Counsel is **DENIED AS MOOT** as to the motion for protective order, and **DENIED** as to the motions for attorney fees and sanctions contained therein; the motion for oral argument is **DENIED**; and the motion to strike the motion for protective order is **DENIED AS MOOT.**

In his motion for a protective order, Dr. Ungar-Sargon seeks

entry of a protective order prohibiting the Defendant and its counsel from taking his deposition.  Additionally, Dr. Ungar-Sargon seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, including attorneys fees.  To the extent that Dr. Ungar-Sargon sought to prohibit Defendant from taking his deposition, the motion is **MOOT**, as the parties have indicated they have settled, and his deposition is therefore no longer necessary.  However, it is apparent from the filing of Defendant's response to Dr. Ungar-Sargon's motion for a protective order that, despite their settlement, the parties still require a ruling on Dr. Ungar-Sargon's request for reimbursement of reasonable fees for his presence at the deposition on June 15, 2006.

Dr. Ungar-Sargon's motion did not comply with the certification requirements of Local Rule 37.1, and failed to comply with several different requirements of Rule 11 of the Federal Rules of Civil Procedure.  Accordingly, the request is summarily **DENIED**, rendering Defendant's motion to strike **MOOT**.

Lastly, Defendant's request for reimbursement of attorney fees incurred in responding to the motion must be considered.  Because the shortcomings of the instant motion were abundantly clear, the cost of responding to said motion should have been minimal.  Although Defendant filed a lengthy response brief, in addition to a motion to strike, these were not necessary under the circumstances presented. Additionally, Defendant has indicated that, pursuant to the parties settlement, any fees to be paid to Dr. Ungar-Sargon would be paid by

Plaintiff.  Thus, it is unclear why Defendant chose to expend any effort responding to Dr. Ungar-Sargon's motion.  Accordingly, Defendant's efforts will not be compensated, and this request is **DENIED**.

DATED:  July 11, 2006                             /s/RUDY LOZANO, Judge
                                                           **United States District Court**